IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FIRST UNITED PENTECOSTAL CHURCH**

**PLAINTIFF**

vs.                                                                                              **CIVIL ACTION NO. 2:19-cv-1654**
                                                                                                 **JUDGE**_____

**CHURCH MUTUAL
INSURANCE COMPANY**

**DEFENDANT**

### PLAINTIFF'S ORIGINAL COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW, FIRST UNITED PENTECOSTAL CHURCH** (hereinafter, referred to as Plaintiff), and files this, its **Original Complaint**, and for causes of action against CHURCH MUTUAL INSURANCE COMPANY (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1. Plaintiff **FIRST UNITED PENTECOSTAL CHURCH** owns the property located at 230 Smith Street, Dequincy, Louisiana 70633 that is the subject of this lawsuit and is situated in Calcasieu Parish, Louisiana. **FIRST UNITED PENTECOSTAL CHURCH** is a non-profit religious corporation with its principal place of business located at 230 Smith Street, Dequincy, Louisiana 70633.

2. Defendant, CHURCH MUTUAL INSURANCE COMPANY is a foreign insurance company licensed to transact insurance in the State of Louisiana with its principal place of business located in Merrill, Wisconsin. Defendant may be served with

1

personal service by a process server, by serving its Agent for Service, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Louisiana Revised Statutes, Sections 22:1892 and 22:1973.

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## FACTS

6. This lawsuit arises out of the following transactions, acts, omissions, and/or events. On or about December 19, 2017, Plaintiff's property sustained damages as a result of a tornado that struck the area.

7. Plaintiff submitted a claim to Defendant, CHURCH MUTUAL, pursuant to the contract of insurance, for damages to the property as a result of the tornado and asked Defendant, CHURCH MUTUAL to honor its contractual obligations and cover the cost of repairs to the property.

8. Defendant, CHURCH MUTUAL, accepted the Plaintiff's claim and assigned a claim number of 1337992.

9. Defendant, CHURCH MUTUAL appointed an independent adjusting firm to investigate and evaluate the claim.

10. Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the property for damages from the tornado, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

11. Defendant, CHURCH MUTUAL, hired Tod E. Lewis, P.E. of Rimkus Consulting Group, Inc. to perform an inspection of the subject insured property and prepare a report of his findings. Mr. Lewis concluded there was no roof damage and the differential of the foundation system showed no evidence of wind related damage. Further, Mr. Lewis reported that construction defects were the cause of displaced ceiling insulation mats, misaligned gutter, cracks in EIFS and gypsum board cracks at the church and the displaced roof blanket insulation of the fellowship hall.

12. Mr. Lewis and Rimkus Consulting Group, Inc. completed a results-oriented inspection and ignored facts that supported damage to the property resulting from wind.

13. Even though the property had sustained extensive damages from the storm, Mr. Lewis ignored wind created damages to the Fellowship Hall and Church. Lewis completed an unreasonable inspection, failed to document all the covered wind damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

14. Plaintiff did not agree with Mr. Lewis's assessment of the damages to the property.

15. Stevephen Lott determined that Plaintiffs' property damages were grossly undervalued by Mr. Lewis and Defendant CHURCH MUTUAL.

16. Defendant, CHURCH MUTUAL relied upon Mr. Lewis's inaccurate and unreasonable report to deny the Plaintiff's damages.

17. To date Plaintiff has yet to receive payment on its tornado claim.

18. Defendant, CHURCH MUTUAL ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, CHURCH MUTUAL chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

19. Defendant, CHURCH MUTUAL failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, CHURCH MUTUAL - COUNT I - BREACH OF CONTRACT

20. Each of the foregoing paragraphs is incorporated by reference in the following.

21. Plaintiff and Defendant CHURCH MUTUAL executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 230 Smith Street, Dequincy, Louisiana 70633. The policy provides coverage for the peril of wind such as those sustained during the tornado, among other perils.

22. All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant CHURCH MUTUAL insured the Plaintiff, pursuant to the policy herein, specifically, the peril of wind.

23. Defendant, CHURCH MUTUAL sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

24. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds that occurred during the tornado.

25. Plaintiff submitted a claim to Defendant, CHURCH MUTUAL pursuant to the contract of insurance for damages as a result of high winds that occurred during the tornado.

26. Plaintiff provided Defendant, CHURCH MUTUAL, with proper notice of damage to the exterior and interior of the subject insured property.

27. Defendant, CHURCH MUTUAL ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

28. Defendant, CHURCH MUTUAL by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

29. Defendant, CHURCH MUTUAL by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the tornado damages to the subject property.

30. As of this date Defendant, CHURCH MUTUAL by and through its adjusters and representatives have failed to fully pay for the tornado damages to Plaintiff's property.

31. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

32. Defendant, CHURCH MUTUAL, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust

Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

33. Defendant, CHURCH MUTUAL has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

34. As of this date Defendant, CHURCH MUTUAL continues to be in breach of the contract.

35. Defendant, CHURCH MUTUAL ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and failed to make sufficient payment to indemnify Plaintiff for the full amount of the covered damages.

36. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - La. R.S. Sections 22:1892 and 22:1973

37. Each of the foregoing paragraphs is incorporated by reference here fully.

38. Defendant CURCH MUTUAL's choice to deny and withhold insurance claim payment for Plaintiff's insured losses remains arbitrary, capricious and/or without probable cause.

39. Defendant CURCH MUTUAL's choice to deny and withhold prompt and full insurance claim payment for Plaintiff's insured losses remains arbitrary, capricious and/or without probable cause.

40. Defendant CHURCH MUTUAL's choice not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiff's covered losses remains arbitrary, capricious and/or without probable cause.

41. Defendant CHURCH MUTUAL's choices makes Plaintiff entitled to recover the penalties and damages as described in La. R.S. 22:1892 and La. R.S. 1973, in addition to reasonable attorney fees.

### DAMAGES AND PRAYER

42. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complain of Defendant CHURCH MUTUAL's acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

43. The Court enter judgment for Plaintiff and against Defendant CHURCH MUTUAL;

44. The Court enter judgment Defendant CHURCH MUTUAL reimburses Plaintiff for any emergency and temporary repair expenses;

45. The Court enter judgment Defendant CHURCH MUTUAL reimburses Plaintiff for business income losses;

46. The Court enter judgment Defendant CHURCH MUTUAL pay Plaintiff for consequential damages resulting from Defendant CHURCH MUTUAL's choice to breach the insurance policy contract.

47. The Court enter judgment Defendant CHURCH MUTUAL pay Plaintiff the applicable penalty under La. R.S. 22:1892 and La. R.S. 1973, along with all attorney fees and litigation expenses.

48. Additional and further relief this Court deems just and equitable.

## JURY DEMAND

49. Plaintiff respectfully demand a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**


BY: /s/ *Rajan Pandit*
**RAJAN PANDIT**, Bar No. 32215
**JESSIE B. CALLAHAN**, Bar No. 38153
**701 Poydras Street, Suite 3950**
**New Orleans, LA 70139**
**Telephone:   (504) 313-3800**
**Facsimile:    (504) 313-3820**

**ATTORNEYS FOR PLAINTIFF**
**FIRST UNITED PENTECOSTAL**
**CHURCH**